UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

SCOTTY D. MCCRACKEN,           )
                               )
         Petitioner,           )
                               )
    vs.                        )   Case No. 12-0758-CV-W-DGK-P
                               )
IAN WALLACE,[1]                )
                               )
         Respondent.           )

**OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS DENYING THE MOTION OF APPOINTMENT OF COUNSEL AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY**

Petitioner, Scotty D. McCracken, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 16, 2012, seeking to challenge his sentences for two counts of second degree statutory rape and one count of second degree statutory sodomy, which were entered in the Circuit Court of Livingston County, Missouri.

The petition raises five grounds for relief alleging: (1) petitioner received ineffective assistance of plea counsel; (2) the judge was biased against petitioner and should have recused himself; (3) petitioner was denied an interpreter for the hearing impaired; (4) petitioner was not competent to plead guilty; and (5) the sentencing court erred by failing to follow the Missouri Sentencing Commission recommendations and by not ordering a presentence investigation (PSI). In ground 1, petitioner raises four independent allegations of ineffective assistance of plea

---

[1]Because petitioner has been transferred to the South Central Correctional Center, Ian Wallace will be substituted as the proper party respondent and Michael Bowersox will be dismissed as a party to this case.

counsel. For purposes of clarity, these claims will be referred to as grounds 1(a), 1(b), 1(c), and 1(d).

Respondent claims that grounds 1(a) and 1(b) are meritless because petitioner is unable to demonstrate that his counsel's performance was objectively unreasonable or that he was prejudiced as a result of his counsel's performance. (Doc. No. 15, pg. 2). Respondent contends that the claims asserted in grounds 1(c), 1(d), 2, 3, 4, and 5 are all procedurally barred because petitioner failed to fairly present the claims to the state courts in his post-conviction proceedings. *Id.*

## SUMMARY OF THE FACTS

The Missouri Court of Appeals summarized the facts as follows:

> On February 24, 2008, the State charged McCracken with six counts of second degree statutory rape and one count of second degree statutory sodomy for having sexual intercourse and deviate sexual intercourse with a fourteen-year old victim, A.R., in Livingston County. On June 13, 2008, McCracken appeared before Judge Stephen Griffin and pled guilty to two counts of second degree statutory [rape] and one count of second degree statutory sodomy.
>
> At the plea hearing, defense counsel explained that McCracken was pleading guilty to three counts pursuant to an agreement with the prosecutor whereby the remaining four counts would be dismissed. In exchange for the plea, the State also agreed to recommend three consecutive seven-year prison sentences.
>
> McCracken testified at the hearing that he was familiar with and understood the terms of his written petition to enter a plea of guilty. The petition included McCracken's statement that he was satisfied with his defense counsel and that he was pleading guilty because he was, in fact, guilty of having sexual intercourse and deviate sexual intercourse with A.R., who was less than seventeen years of age. McCracken acknowledged that he had a right to go to trial and that he was waiving all due process guarantees attendant to the right to trial. In the petition, McCracken further stated that he was not mentally ill and was not under a doctor's care. The petition stated that he had taken the drug "Geodon" within the past seven days.

–2–

> In response to the court's questioning at the plea hearing, McCracken clarified that he was taking "Geodon," which is a "psychotic drug." McCracken said the drug did not affect his ability to think or reason, and he confirmed that he was thinking clearly at the time of the hearing.
>
> The court found that McCracken had voluntarily and intelligently plead guilty with full understanding of the three charges and the consequences of the plea agreement. The court accepted the pleas and entered a judgment of conviction, sentencing McCracken to consecutive seven-year prison terms on each of the three counts.
>
> McCracken filed a Rule 24.035 motion seeking to vacate his guilty pleas based on allegations that his counsel provided ineffective assistance. After an evidentiary hearing, the circuit court issued findings and conclusions of law denying post-conviction relief. McCracken appeals the denial of his motion.

(Respondent's Exhibit F, pp. 2-3).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[2] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

---

[2] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

–3–

# GROUNDS 1(A) AND 1(B)

Under ground 1(a) petitioner alleges ineffective assistance of plea counsel. In order to succeed on his claim of ineffective assistance of plea counsel, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90.

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction...." Strickland v. Washington, 466 U.S. 668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Under ground 1(a), petitioner claims that he received ineffective assistance because counsel failed to advise him regarding his right to seek Judge Griffin's removal from the case. (Doc. No. 1, pg. 5). He asserts that counsel should have requested the Judge's removal because he threatened the Judge, which resulted in a judicial tampering charge. *Id.* Petitioner contends that due to his threats against Judge Griffin, he was given the maximum sentence whereas if he had an unbiased judge, his sentence may have been more lenient. (Respondent's Exhibit D, pg. 30).

The Missouri Court of Appeals disposed of this claim as follows:

In point II, McCracken contends his plea counsel was ineffective in failing to advise him regarding his right to seek Judge Griffin's removal from the case. He asserts there was a likelihood that Judge Griffin was biased due to McCracken's alleged threats, which resulted in a judicial tampering charge. McCracken argues that he was prejudiced by counsel's failure to seek removal because Judge Griffin sentenced him to the maximum recommended sentence, while an unbiased judge might have exercised discretion to impose a lesser sentence.

At his post-conviction hearing, McCracken testified that on the day of his plea, Judge Griffin said to him: "Before we get started, do you have a problem with me sitting over your case? I've got another judge, a judge from downstairs who will step in." McCracken replied: "Well, I don't got a problem with you sitting over me as long as you don't got a problem with me threatening you."

In light of this record, McCracken has failed to show his counsel was ineffective in failing to inform him of his rights to a change of judge. McCracken was aware that another judge was available to hear his case, because Judge Griffin informed him of that option. McCracken consented to have Judge Griffin conduct the plea hearing despite the availability of another judge. No prejudice resulted from counsel's failure to provide advice about removal, because the record indicates that McCracken would have not have exercised his right to remove Judge Griffin.

McCracken also was not prejudiced by the sentence he received. Judge Griffin sentenced him based on the terms of the plea agreement and precisely followed the prosecutor's recommendation. Notably, McCracken did not request a lesser sentence. McCracken has failed to demonstrate any bias in Judge Griffin's decision or that there is any reasonable likelihood another judge would have imposed a lesser sentence than contemplated by the plea agreement.

Finally, McCracken has made no claim that but for his counsel's failure to advise him or seek Judge Griffin's removal, he would not have plead guilty and insisted on going to trial as required by *Strickland*. His post-conviction claim was fatally deficient in proving prejudice on this ground alone. Accordingly, Point II is denied.

(Respondent's Exhibit G, pp. 6-8).

The resolution of ground 1(a) by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[3] Applying the Strickland standard of review to the facts as set forth in the record, the Court finds that plea counsel was not ineffective.

Under ground 1(b), petitioner claims that he received ineffective assistance because plea counsel failed to address his mental capacity to plead guilty. (Doc. No. 1. pg. 5). Petitioner claims that his counsel did not investigate his mental health history, failed to request a mental examination, or assert that he had a mental disease or defect before he entered his plea. (Respondent's Exhibit D, pg. 18).

The Missouri Court of Appeals disposed of this claim as follows:

> In his first point on appeal, McCracken contends he was entitled to post-conviction relief because the evidence established that his counsel was ineffective in failing to investigate his mental history,

---

[3]According to the opinion of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412-13.

request a mental examination, and assert that he was not competent at the time of the plea hearing and therefore his guilty pleas were involuntary and unknowing.

We need only address the prejudice element of this claim because it is dispositive. In determining whether a movant was prejudiced by his counsel's failure to adequately investigate his mental health status prior to a guilty plea, the motion court must first determine whether there was reasonable probability that the movant was incompetent at the time of the guilty plea hearing. *Hubbard*, 31 S.W.3d at 38. "The actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial" or participate in a legal proceeding. *Baird v. State*, 906 S.W.2d 746, 750 (Mo. App. 1995). The sole issue is whether the defendant demonstrates a present ability to consult rationally with counsel and to understand the proceedings; where this is apparent, there is no need for an investigation into the defendant's mental condition. *State v. Roll*, 942 S.W.2d 370, 376 (Mo. Banc 1997).

In support of his Rule 24.035 motion, McCracken argued there was a reasonable probability that he was not competent at the time of his guilty pleas based on the following evidence. First, in April 2008 (two months prior to the guilty plea hearing), the circuit court issued an order to commit him to a 96-hour psychiatric detention at a mental health facility on a suicide watch. Second, in February 2008, McCracken was charged with tampering with a judicial officer after he threatened to go to the courthouse and strangle Judge Stephen Griffin, who later presided at the guilty plea hearing. Third, McCracken informed the plea court that he had taken "Geodon...a psychotic drug" within the seven days prior to the plea hearing.

None of this evidence was sufficient to establish that McCracken did not have the ability to consult rationally with his counsel and to understand the guilty plea proceedings. With regard to the psychiatric detention, the plea court received a memorandum indicating that McCracken had been released from the mental health facility and was on medication to control his ideations of suicide. McCracken acknowledged that he was taking medication, but he also testified that the drugs did not affect his ability to think or reason. He confirmed that he was thinking clearly at the time of the plea hearing. Even without McCracken's testimony, the mere fact that he was taking psychiatric medication does not, alone, demonstrate that he was

–7–

> incompetent. See Allen v. State, 233 S.W.3d 779, 785-86 (Mo. App. 2007). Finally, with regard to his threat against Judge Griffin four months prior to the hearing, McCracken has utterly failed to explain how this behavior indicates he was incapable of consulting with counsel and understanding the guilty plea proceeding.
>
> At the post-conviction hearing, plea counsel testified that he took over McCracken's defense in April 2008, and he met with McCracken at least four times prior to the guilty plea hearing. Counsel stated that, during those thirty to forty minute meetings, he never had any reason to believe that McCracken did not understand the allegations against him or the nature of the proceedings. Counsel also testified that the prior public defender on the case never indicated any belief that McCracken was mentally ill or otherwise incompetent to proceed. The motion court relied on plea counsel's testimony in concluding that McCracken did not meet his burden of proving that counsel was ineffective in failing to assert a mental disease or defect.
>
> We find no error in the motion court's findings and conclusions. Our review of the record indicated that McCracken gave coherent responses at the guilty plea [hearing] and there was never a question as to whether he understood the proceedings. When he was asked general questions about the charges, he gave general responses. When the facts supporting the charged offenses were read to him, he confirmed the events and stated he understood the evidence against him. McCracken was not prejudiced by his counsel's failure to raise the issue of mental disease or defect because there was no evidence to suggest that he was unable to consult rationally with counsel. As the State further points out, there was no expert testimony that McCracken suffered from a mental disease or defect. McCracken failed to present any evidence that he was incompetent at the time of the guilty plea hearing and, therefore, he could not prove his claim of counsel's ineffectiveness. Point 1 is denied.

(Respondent's Exhibit F, pp. 1-4).

The resolution ground 1(b) by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000). Applying the Strickland standard of review to the facts as set forth in the record, the court finds that plea counsel was not ineffective.

Grounds 1(A) and 1(B) are denied.

## GROUNDS 1(C), 1(D), 2, 3, 4, & 5

Under ground 1(c), petitioner contends that plea counsel failed to follow the Missouri Sentencing Commission Guidelines. Specifically, under these guidelines there is a three year recommended sentence for each charge which apparently is not what petitioner received. (Doc. No. 1. pg. 5). Under ground 1(d), petitioner contends that plea counsel failed to request an interpreter for the hearing-impaired during the sentencing hearing.

In his second ground for relief, petitioner contends that the plea and sentencing judge was biased against petitioner and should have recused himself because: (a) petitioner had made threats against the judge and charges had been filed against petitioner alleging judicial tampering, (b) the judge failed to follow the Missouri Sentencing Commission recommendations of 3 years, (c) the judge asked, during sentencing, if there was a problem with him presiding over the case, (d) the judge did not order a mental evaluation of petitioner, and (e) the judge did not order that an interpreter for the hearing impaired be provided for defendant. (Doc. No. 1, pg. 6).

In his third ground for relief, petitioner contends that trial counsel was ineffective in failing to provide petitioner with an interpreter for the hearing impaired during any of the proceedings. Specifically, petitioner argues that he was denied special services from: the Chillicothe Police Department, the judge, the public defender, and the prosecutor. (Doc. No. 1,

–9–

pg. 8).

In his fourth ground, petitioner alleges that he was incompetent at the time of the plea hearing and sentencing. Specifically, he claims that he was in a St. Joseph mental health facility three times before sentencing; he was released from that facility two days before the plea and sentencing hearing; and he was not able to answer questions regarding his plea and sentencing prior to those hearings.

In his fifth ground for relief, petitioner asserts that the Missouri Sentencing Guidelines Commission recommendations were not followed. Specifically, he contends that: (a) the sentencing commission only recommends a minimum of three years of probation or prison for second degree sodomy or rape, (b) neither the prosecutor or judge ordered a pre-sentence investigation, and (c) the prosecutor did not recommend anything less than 7 years.

Respondent correctly maintains that grounds 1(c), 1(d), 2, 3, 4, and 5 are procedurally defaulted. In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750. Cause, actual prejudice, and the probability of a "fundamental miscarriage of justice" are to be judged under criteria set out in Wainwright v. Sykes, 433 U.S. 72 (1977), and Murray v. Carrier, 477 U.S. 478 (1986). Coleman, 501 U.S. at 748-50.

A review of the record reveals that petitioner defaulted grounds 1(c), 1(d), 2, 3, 4 and 5 by not raising them in his Mo. Sup. Ct. Rule 24.035 post-conviction relief motion (Respondent's

Exhibit A, pg. 42) or on appeal therefrom (Respondent's Exhibit D, pp. 14-16).

Grounds 1(c), 1(d), 2, 3 and 5 may not be reviewed by this Court unless petitioner can demonstrate cause and actual prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). This Court will not reach the "prejudice" component of the analysis unless it first finds that the petitioner has demonstrated "cause" for his procedural default.

Petitioner fails to show cause for his procedural default. Even though petitioner has failed to demonstrate cause (and, therefore, we do not consider prejudice) for his procedural default, the Court can still reach the merits of his claims if he can show that he is "probably actually innocent" of the crimes for which he was convicted. <u>Bowman v. Gammon</u>, 85 F.3d 1339, 1346 (8th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1128 (1997). To demonstrate his innocence, petitioner must satisfy a two-part test: First, he must support his allegations of constitutional error "with <u>new</u> reliable evidence. . . that was not presented at trial." Second, he must establish "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." <u>Id.</u>, citing <u>Schlup v. Delo</u>, 513 U.S. 298 (1995). However, petitioner does not make this showing.

Petitioner has failed to show cause for his default of Grounds 1(c), 1(d), 2, 3, 4, and 5. He does not show that a manifest injustice will occur if these grounds are not reviewed on the merits, and he has failed to meet the <u>Schlup</u> standard for actual innocence. <u>Id.</u> Therefore, federal review of grounds 1(c), 1(d), 2, 3, 4, and 5 is barred.

Grounds 1(c), 1(d), 2, 3, 4, and 5 are denied.

## **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy

–11–

this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong."  Tennard v. Dretke, 542 U.S. 274, 276 (2004).  Because petitioner has not met this standard, a certificate of appealability will be denied.  See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) Ian Wallace will be substituted as the proper party respondent and Michael Bowersox will be dismissed as a party to this case;

(2) the above-captioned petition for a writ of habeas corpus is denied;

(3) this case is dismissed with prejudice;

(4) the issuance of a certificate of appealability is denied; and

(5) petitioner's motion for appointment of counsel is denied as moot.

 /s/ Greg Kays
 GREG KAYS
 UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:   December 3, 2012.